IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTFLASH, LLC, | ) |
| | ) Civil Action No. |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. PATENT & TRADEMARK OFFICE, | ) |
| | ) |
| *Defendant*. | ) |

## COMPLAINT

Plaintiff Smartflash, LLC ("Plaintiff" or "Smartflash") brings this action against Defendant U.S. Patent & Trademark Office ("Defendant" or "USPTO") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Smartflash is a limited liability corporation incorporated in Texas and having a principal place of business at 4300 MacArthur Avenue, Suite 200, Dallas, Texas 75209.

4.  Defendant USPTO is an agency of the United States Government within meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered in Alexandria, Virginia.

## STATEMENT OF FACTS

5.  As the Attorney General recently reminded the Federal Government in his March 15, 2022 Memorandum for Heads of Executive Departments and Agencies (Exhibit 1) (hereinafter "the AG's FOIA Memo":

> For more than fifty years, the Freedom of Information Act (FOIA), 5 U.S.C. § 552, has been a vital tool for ensuring transparency, accessibility, and accountability in government. As the Supreme Court has explained, the Act's "basic purpose ... is to ensure an informed citizenry," which is "vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

*Id.* at 1.

6.  The FOIA requires that all agencies of the federal government must promptly release copies of all requested, non-exempt agency records to the persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

8.  As the AG's FOIA memo reminds agencies, "the Act makes clear … the 'burden is on the agency to sustain' a decision to withhold records under those exemptions. *Id.* §

552(a)(4)(B). Nor may agencies withhold information based merely on speculative or abstract fears or fears of embarrassment.'" Exhibit 1 at 2.

9. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. §552(a)(4)(E).

10. Smartflash is the owner of U.S. Patent Nos. 7,334,720, 7,942,317, 8,033,458, 8,061,598, 8,118,221, 8,336,772, 8,794,516, 9,471,910, and 10,078,822 (hereinafter "the Smartflash patents").

11. As part of its ownership of the Smartflash patents, a number of third-party requestors, including Apple, Samsung and Google, requested Covered Business Method (CBM) reviews of all of the Smartflash patents issued by the time they filed their CBM petitions.

12. The first filed CBM proceeding against the Smartflash patents was CBM2014-00102 (hereinafter "the '102 CBM") which was filed on March 28, 2014. The '102 CBM was part of a first set of twelve CBM petitions that targeted six of the Smartflash patents. The other petitions in that first set of twelve CBM petitions filed by Apple included CBM2014-00103 to 2014-00113 and were filed between March 28, 2014 and April 3, 2014. Ultimately, Apple, Google, and Samsung would file 48 Petitions against 7 of the Smartflash patents.

13. By no later than September 30, 2014, the Patent Trial and Appeal Board (PTAB) had assigned panels of more than three judges (i.e., expanded panels) to the '102 CBM and others of those initial 12 proceedings for which petitions were granted. For example, as noted in Paper 8 of the '102 CBM, the panel listed in the Decision to Institute CBM Review was Jennifer Bisk, Rama Elluru, Neil Powel, Jeremy Plenzler and Matthew Clements.

14. On March 13, 2018, the PTO presented a "Chat with the Chief" PowerPoint presentation entitled "New PTAB Studies in AIA Proceedings: Expanded Panels and Trial Outcomes for Orange Book-listed Patents" (hereinafter "Expanded Panel Presentation") that was

co-authored by David P. Ruschke, Chief Administrative Patent Judge (APJ). See Exhibit 2. In the Expanded Panel Presentation, the Chief APJ indicated that the "Suggestion [for an expanded panel] must be in writing with reasons and basis for expansion."

15. On December 31, 2020, Plaintiff submitted an initial FOIA request (Exhibit 3) to Defendant (including a copy of Exhibit 2), requesting records pertaining to how the expanded panels were established in the Smartflash cases. For example, Smartflash's first request included, among other requests, requests for copies of "a. The Suggestion for Panel Expansion (as that term is used on page 7); [and] b. Who suggested the need for the Panel Expansion and the reasons and/or basis for doing so."

16. On May 10, 2021, Defendant responded with an Initial Determination, stating that Plaintiff's December 31, 2020 request was received. Plaintiff's initial request was assigned FOIA Request No. F-21-00071. In the May 10, 2021 response, Defendant identified 12 pages of releasable information that was responsive to Plaintiff's request but the documents provided were largely redacted as shown in Exhibit 4. Defendant cited FIOA Exemption (b)(5) as the basis for such redactions.

17. On August 9, 2021, Plaintiff appealed Defendant's May 10, 2021 decision.

18. On September 7, 2021, Defendant responded, stating the PTO received Plaintiff's administrative appeal. Plaintiff's appeal was assigned FOIA Appeal No. A-21-00005. Defendant stated that in response to Plaintiff's appeal, the agency conducted a second search and located additional documents responsive to Plaintiff's request. Defendant remanded the appeal and directed the FOIA officer to review the additional documents that were located during the second search, assigned FOIA Request No. F-21-00225. Regarding the initially requested records, Defendant continued to withhold a majority of the same under Exemption (b)(5). Exhibit 5.

19. On October 5, 2021, Defendant provided the Final Agency Response. Defendant stated that it identified 55 pages of documents responsive to Plaintiff's request but redacted many of the documents, citing FOIA Exemption (b)(5) and (b)(6) as shown in Exhibit 6.

20. On December 30, 2021, Plaintiff appealed the decision of the October 5, 2021 Final Agency Response which was assigned FOIA Appeal No. A-22-0006 alleging that the redactions were improper. On January 31, 2022, Defendant issued the final decision which is provided in Exhibit 7.

21. Accordingly, Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

22. Plaintiff realleges paragraphs 1 through 21 as if fully stated herein.

23. Plaintiff properly asked for records within the custody and control of Defendant.

24. Defendant is an agency subject to FOIA. 5 U.S.C. § 556(f); 5 § U.S.C. 551.

25. Defendant has violated FOIA by improperly redacting information in records that are responsive to Plaintiff's FOIA request. For example, the PTO cannot meet the FOIA Improvement Act's foreseeable harm standard and indeed never addresses the foreseeable harm issue in its decision. As the court found in *Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F.Supp.3d 90 (D. D.C. 2019):

> Consistent with Congress's concern about agencies' over-withholding under Exemption 5, nearly all of the few decisions to have addressed the new foreseeable-harm requirement at any length have done so when considering the Exemption 5 deliberative-process privilege. Three key principles may be gleaned from those decisions, which though non-binding are persuasive, as guiding application of the foreseeable-harm requirement. First and foremost, the foreseeable-harm requirement "impose[s] an independent and meaningful burden on agencies." *NRDC v. EPA*, No. 17-CV5928 (JMF), 2019 WL 3338266, at *1 (S.D.N.Y. July

25, 2019) ; see also, e.g. *, Judicial Watch I*, 375 F. Supp. 3d at 100 (describing the new foreseeable-harm requirement as a "heightened standard").

*Id.* at 106.

26.  Moreover, the AG's FOIA Memo not only concisely reiterates the standard to be applied but also explains how doubts should be resolved when it states "Information that might technically fall within an exemption should not be withheld from a FOIA requester unless the agency can identify a foreseeable harm or legal bar to disclosure. ***In case of doubt, openness should prevail.***" Exhibit 1 at 1 (emphasis added).

27.  Also, the PTO has already waived any privilege that it could have claimed by noting in the Expanded Panel Presentation that Smartflash's cases were "families in which the panel was expanded for case resource management." Exhibit 2, page 10.  Moreover, the PTAB has explained its rationale for expanding panels in other cases such that Smartflash is being treated differently than other parties coming before the PTAB.  See Exhibit 2, pages 19, 23, 25, and 61-68.

28.  Defendant has violated FOIA by failing to perform an adequate search for records responsive to the FOIA requests in a manner reasonably calculated to locate all responsive records.  For example, none of the produced documents were from prior to when the expanded panel was set in the '102 CBM.  Moreover, the PTO has an email address (PTABExpandedPanelRequest@uspto.gov) to which suggestions for expanded panels can be sent, and Defendant has never produced any emails from that address.  Furthermore, as none of the produced documents actually precede the date that the '102 CBM panel was expanded, none of the documents are actually pre-decisional.

29.  Defendant has improperly withheld records that are responsive to Plaintiff's FOIA request.

30. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

31. There is, in fact, a larger foreseeable harm that results from the PTO's refusal to produce unredacted versions of the documents -- eroded public trust. As this Court has recently held in *Ctr. for Investigative Reporting*, there is a public interest in the release of agency records and this kind of agency over-withholding of documents from the public is precisely what Congress intended to remedy with the FOIA Improvement Act. The PTAB has identified publicly the alleged reason that it expanded the panels, and yet the PTO now seeks to withhold information on that very subject. Without the disclosure of the requested information, the public may indeed be left doubting the fairness of the process much as Justice Gorsuch seems to have done in his Opinion in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1993 (2021) when he stated:

> Already in the AIA's short tenure these problems have started coming home to roost—even with supposedly "independent" APJs. The briefs before us highlight example after example. … Here just consider the tale of a patent attorney at one of the world's largest technology companies who left the company to become an APJ. … This private advocate-turned-APJ presided over dozens of IPRs brought by his former company. …. In those proceedings, the company prevailed in its efforts to cancel patents damaging to its private economic interests 96% of the time. … After six years of work, the APJ decided he had done enough, resigned, and (yes) returned to the company. …Without a hint of irony, that company has filed an amicus brief in this case to inform us, as a self-described "frequent user of the IPR process," about "the benefits of the system." Brief for Apple Inc. as Amicus Curiae 3. … Oil States virtually assured results like these.

(Citations omitted.)

32. Smartflash has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A) to obtain immediately all records responsive to its request that are not exempt from disclosure. Moreover, under the AG's FOIA Memo, the AG has assured the public that in "determining whether to defend an agency's nondisclosure decision, the Justice Department will apply the presumption of openness described above. **The Justice Department will not defend nondisclosure decisions that**

*are inconsistent with FOIA or with these guidelines*." Exhibit 1 at 1 (emphasis added). The Justice Department should not defend the PTO's refusal to disclose the requested information in this case.

33. Defendant has violated its statutory duty under FOIA, 5 U.S.C. § 552(a)(3)(A) to release all non-exempt, responsive records to Smartflash.

34. Defendant has violated its statutory duty under FOIA, 5 U.S.C. § 552(a)(3)(C) to make a reasonable effort to search for responsive records.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has violated FOIA by failing to produce non-exempt records responsive to Smartflash's FOIA request;

2. Ordering Defendant to produce, by a date certain, any and all non- exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

3. Retaining jurisdiction over this case to rule on any assertion by Defendant that certain responsive records are exempt from disclosure;

4. Awarding Plaintiff its costs and attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.    Granting Plaintiff such other relief as the Court deems just and proper.

Dated: April 22, 2022                            Respectfully submitted,

/s/Arthur I. Neustadt  
Arthur I. Neustadt (D.C. Bar No. 9316)  
Michael R. Casey (pro hac vice pending)  
Elissa L. Sanford (pro hac vice pending)  
OBLON, McCLELLAND, MAIER  
 & NEUSTADT, LLP  
1940 Duke Street  
Alexandria, Virginia 22314  
(703) 413-3000  
aneustadt@oblon.com  
mcasey@oblon.com  
esanford@oblon.com  
*Counsel for Plaintiff*