UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTFLASH, LLC, | |
| Plaintiff, | Civil Action No. 22-1123 (BAH) |
| v. | Judge Beryl A. Howell |
| U.S. PATENT AND TRADEMARK OFFICE, | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Smartflash, LLC initiated this lawsuit to challenge the United States Patent and Trademark Office's ("USPTO") withholding, pursuant to Exemptions 5 and 6 of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552(b)(5), (6), of records relating to the expansion of judicial panels of the Patent Trial and Appeal Board ("PTAB") for certain USPTO proceedings. USPTO has moved to dismiss for lack of subject matter jurisdiction based on plaintiff's lack of standing because the FOIA requests at issue were submitted by plaintiff's attorney rather than plaintiff, or, alternatively, for summary judgment, *see generally* Def.'s Mot. Dismiss Alt. Summ. J., ECF No. 27 ("Def.'s Mot."); Def.'s Mem. Supp. Mot., ECF No. 27-2 ("Def.'s Mem."), and plaintiff has cross-moved for summary judgment and opposed USPTO's motion to dismiss, *see* Pl.'s Combined Opp'n, Cross-Mot. Summ. J., & Mot. Strike ("Pl.'s Cross-Mot."), ECF No. 28; Pl.'s Mem. Supp. Cross-Mot., ECF No. 28-1 ("Pl.'s Cross-Mem."). For the reasons set forth below, USPTO's motion to dismiss is granted, and plaintiff's cross-motion is denied.

**I. BACKGROUND**

1

Summarized below is the background relevant to resolving the pending motions and the procedural history to this lawsuit.

### A. Plaintiff's FOIA Request

Michael R. Casey is a longtime attorney for plaintiff, Pl.'s Statement of Material Facts ("Pl.'s SMF") ¶¶ 4-5, ECF No. 28-4, which is the patent owner of a family of patents that were challenged in a series of proceedings at the USPTO before the PTAB, administratively titled *Apple v. Smartflash*, Case Nos. CBM2014-00102 to CBM2014-00113, *id.* ¶¶ 1-2 (the "*Smartflash* Proceedings"). In the *Smartflash* Proceedings, the PTAB used "expanded" panels, with more than three judges assigned, without explaining to plaintiff why such expanded panels were used. *Id.* ¶¶ 2-3.

On December 31, 2020, Casey submitted the four FOIA requests at issue here (the "Requests") to PTO seeking records relating to PTAB's use of expanded judicial panels for certain proceedings as well as a March 13, 2018 presentation entitled *Chat with the Chief: New PTAB Studies in [America Invents Act] Proceedings: Expanded Panels and Trial Outcome for Orange Book-Listed Patents* (the "Presentation"). Def.'s Statement of Material Facts ("Def.'s SMF") ¶ 1, ECF No. 27-1 (alteration in original); *accord* Decl. of Caitlin Trujillo, Associate Counsel, USPTO's Office of General Counsel ("Trujillo Decl.") ¶ 4, ECF No. 27-3; *see also* Pl.'s SMF ¶¶ 9, 16 (outlining the FOIA requests); Pl.'s Compl., Ex. 3 (Dec. 31, 2020 Email from Michael R. Casey to "FOIARequests@uspto.gov" ("Casey Email")), ECF No. 1-4. As relevant here, the Presentation, states: (1) at p. 7, that a "Suggestion [for Panel Expansion] must be in writing with reasons and basis for expansion"; (2) at p. 8, that "Early AIA practice expanded panels in families for case resource management" and that this practice is "now discontinued"; and (3) at p. 10, that "'*Apple Inc. v. Smartflash LLC*—14 individual cases all administered by a 4-or 5-judge panel (*see*

Case CBM2014-00102, et al.)' is an example of a family of cases 'in which the panel was expanded for case resource management." Def.'s SMF ¶¶ 2, 4; Trujillo Decl. ¶ 4.[1] Notably, when submitting his Requests to USPTO, Casey did not indicate the requests were made or submitted on behalf of plaintiff, only using plaintiff's name when referencing the *Smartflash* Proceedings. *See generally* Casey Email.

Casey's first Request sought records showing certain information concerning the Presentation's suggestion for panel expansion in the *Smartflash* Proceedings, as that term was used in the Presentation, at pp. 7 and 10, including the identities of the individuals who suggested the need for panel expansion in PTAB proceedings, what criteria was used to decide whether to expand certain panels, what documents were considered, and any objections to panel expansion. Trujillo Decl. ¶ 4; Def.'s SMF ¶ 3. The second Request sought records identifying other expanded panels "for case resource management," as listed in the Presentation, at p. 8, in addition to records showing when and why the practice of expanding panels for case resource management had been discontinued. Def.'s SMF ¶¶ 4-5; Trujillo Decl. ¶ 4. The third Request sought "(1) a copy of any documents showing what documents were considered when determining that any 'panel was expanded for case resource management' in the [*Smartflash* Proceedings] described on page 10 of [the Presentation] and (2) to the extent that the considered documents are not part of . . . the [*Smartflash* Proceedings] described on page 10 of [the Presentation], copies of the considered documents." Def.'s SMF ¶ 6; *accord* Trujillo Decl. ¶ 4. The fourth Request sought records showing certain information concerning panel expansion for certain PTAB proceedings in which

---

[1] An "AIA" proceeding is one in which "[a] third party who is not the patent owner . . . challenge[s] the validity of the claims in an issued patent[.]" *What Are AIA Proceedings?*, UNITED STATES PATENT AND TRADEMARK OFFICE (2023), available at https://perma.cc/ZUE2-H6R9; *see also Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) ("Judicial notice is appropriately taken of information posted on government agencies' official public websites.").

3

plaintiff "was a party that is not part of the '14 individual cases' (as that term is used on page 10 [of the Presentation])." Trujillo Decl. ¶ 4; *accord* Def.'s SMF ¶ 7.

USPTO acknowledged to Casey receipt of the Requests on February 23, 2021, and issued an initial determination, on May 10, 2021, disclosing twelve pages of responsive documents, which were partially redacted, pursuant to FOIA Exemption 5. Def.'s SMF ¶ 8; Trujillo Decl. ¶ 6. According to Trujillo, USPTO searched through all possible locations of records responsive to the Requests, including records of PTAB judges, who authored the Presentation, case dockets for all proceedings in which plaintiff was a party, records of PTAB management personnel, and records of relevant PTAB personnel with responsibility for paneling decisions. *See* Trujillo Decl. ¶¶ 18-31.

Unsatisfied with USPTO's response, Casey then filed two administrative appeals with some apparent success. Specifically, in response to Casey's first administrative appeal, filed on August 9, 2022, USPTO, on September 7, 2021, denied Casey's objections to the withheld information, under Exemption 5, but noted that additional responsive documents were uncovered and directed that those records be reviewed for possible disclosure subject to any exemptions. Def.'s SMF ¶¶ 9-10; Trujillo Decl. ¶¶ 9-10. Indeed, a month later, on October 5, 2021, USPTO provided Casey with 55 pages of documents, with some responsive records withheld pursuant to FOIA Exemptions 5 and 6. Def.'s SMF ¶ 11; Trujillo Decl. ¶ 11. Casey again appealed, on December 30, 2021, which appeal the USPTO largely denied, lifting redactions on just one page of records while otherwise upholding the withholdings and redactions. Def.'s SMF ¶¶ 12-13; Trujillo Decl. ¶¶ 12, 14. Following its supplemental releases, USPTO continued to withhold information from only four records: three emails and a spreadsheet. Def.'s SMF ¶ 17.

B. **USPTO's Justifications for Withholding Responsive Records**

USPTO withheld information responsive to the Requests under both Exemptions 5 and 6. In particular, relying on Exemption 5, USPTO withheld (1) a PTAB judge's proposal for assigning specific judges to particular cases, and (2) notes in a spreadsheet reflecting one judge's opinions and impressions, which were provided in conjunction with USPTO's study on panel expansion, the findings and conclusions of which were publicly announced in the Presentation.  Def.'s SMF ¶ 18; Trujillo Decl. ¶ 37; *see also* Trujillo Decl. at 15-17 ("*Vaughn* Index"), ECF No. 27-3.  USPTO views the withheld information or records as pre-decisional since, in each case, the information was "relayed prior to the agency reaching a final decision or making findings and conclusions." Def.'s SMF ¶ 19; *accord* Trujillo Decl. ¶ 37.  In addition, according to USPTO, the withheld information is deliberative, and "reflect[s] an internal exchange of ideas, the release of which would tend to have a chilling effect on the open and frank expression of views in formulating agency policy."  Def.'s SMF ¶ 19; *accord* Trujillo Decl. ¶ 37.  "Disclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency decision-making" because "PTAB judges must be able to discuss agency decisions and changes in policy without fearing that these sensitive internal communications will be released publicly," since otherwise they would "not be able to perform their duties in a forthright, diligent, and effective manner."  Trujillo Decl. ¶ 38; *accord* Def.'s SMF ¶ 19.

Invoking FOIA Exemption 6, USPTO also withheld records "that contained information about an employee's vacation plans and discussion of another employee's performance metrics." Trujillo Decl. ¶ 40; *accord* Def.'s SMF ¶ 20.  This exemption was appropriately applied, according to USPTO, "because employees have a strong privacy interest in what they do when they are not on government time[,] and [they] have a strong privacy interest in their performance[,]" and Casey,

5

by contrast, "provided no public interest in disclosure." Trujillo Decl. ¶ 38; *accord* Def.'s SMF ¶ 20.

In sum, USPTO claims it "released all non-exempt information not inextricably intertwined with exempt information as well as all exempt information for which it could not reasonably foresee harm associated with the release." Def.'s SMF ¶ 21; *accord* Trujillo Decl. ¶¶ 42, 44; *see also Vaughn* Index.

### C. The Instant Lawsuit

Plaintiff then initiated the instant suit against USPTO on April 25, 2022, for withholding documents in response to the Requests and seeking "to compel compliance with the Freedom of Information Act." Compl. at 1, ECF No. 1. After USPTO filed its combined motion to dismiss and motion for summary judgment, Def.'s Mot., plaintiff responded to the dismissal demand by including in its combined opposition and cross-motion for summary judgment a declaration from Casey, in which he declared that he "assigned any rights in the [Requests] . . . that [he] might have had to Smartflash," Decl. of Dr. Michael Casey ("Casey Decl.") ¶ 20, ECF No. 28-5. Attached to that declaration is an assignment letter signed by Casey and plaintiff, on December 18 and 19, 2022, respectively, *id.* at Ex. A.[2] With briefing complete, *see* Def.'s Reply Supp. Mot. Summ. J. ("Def.'s Reply"), ECF No. 31; Pl.'s Reply Supp. Cross-Mot. Summ. J. ("Pl.'s Reply"), ECF No. 34, the parties' cross-motions are ripe for resolution.

## II. LEGAL STANDARD

---

[2] Plaintiff also moves to strike potions of the Trujillo Declaration, arguing, *inter alia*, that the declaration references communications that were not previously produced in response to the Requests. Pl.'s Cross-Mem. at 16–17 (citing Trujillo Decl. ¶¶ 20-23). USPTO essentially concedes that plaintiff is correct about the referenced communications not being disclosed but remedies that circumstance by making a supplemental production to Casey, including emails described in the Trujillo Declaration that were not previously disclosed, Def.'s Reply Supp. Mot. Summ. J., Second Decl. of Caitlin Trujillo ("Second Trujillo Decl.") ¶ 7, ECF No. 32-1.

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Absent subject-matter jurisdiction over a case, the court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); FED. R. CIV. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). When considering a motion to dismiss under Rule 12(b)(1), the court must determine jurisdictional questions by accepting as true all factual allegations contained in the complaint, "'construe the complaint liberally, [and] grant[] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 281 (D.C. Cir. 2022) (alteration omitted) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *Id.* at 288 (alteration in original) (quotation marks omitted) (making clear that liberally construing complaint in plaintiff's favor "does not entail accept[ing] inferences unsupported by facts or legal conclusions cast in the form of factual allegations").

## III.   DISCUSSION

While maintaining that an appropriate search for records responsive to the Requests was conducted and that FOIA exemptions were properly applied to withhold certain responsive records

7

or information, USPTO asserts that plaintiff fails to clear the threshold standing requirement for the exercise of subject matter jurisdiction here because Casey filed the Requests and, consequently, plaintiff suffered no injury in fact. Def.'s Mem. at 4–7. Indeed, Casey stated, when submitting the Requests, that "[t]he undersigned"—meaning Casey himself—"hereby submits a request for documents under the Freedom of Information Act[,]" Casey Email at 1, rather than clarifying that the Requests sought "the information on behalf of any client[,]" let alone plaintiff, Def.'s Mem. at 6–7. USPTO thus maintains that plaintiff lacks standing to sue. *Id*.

USPTO is right. An attorney filing a FOIA request on behalf of his or her client must clearly indicate that the request was filed on the client's behalf. This Casey failed to do. Plaintiff therefore lacks standing to assert its claims under FOIA, requiring dismissal of the Complaint for lack of subject matter jurisdiction.

**A.  Article III Standing and FOIA**

Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1; *see also Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996) (*en banc*) ("The Constitution limits the jurisdiction of federal courts to actual cases or controversies between proper litigants."). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To establish Article III standing, plaintiff must allege sufficient facts to show the following: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical[,]" *Lujan*, 505 U.S. at 560 (quotation marks omitted); (2) "a causal connection between the injury and the conduct complained of," *id.* (quotation marks omitted); and (3) it "be

8

likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision[,]" *id.* (quotation marks omitted); *accord Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). The plaintiff bears the burden of proof on standing, and at summary judgment, the plaintiff must support all factual assertions for each standing element with specific evidence. *Humane Soc'y of the United States v. Perdue*, 935 F.3d 598, 602 (D.C. Cir. 2019).

FOIA provides that "each agency, upon any request for records" that is sufficiently specific and made in accordance with published procedures for submitting such requests, "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). An agency's duties under FOIA are triggered by a properly framed request for information, and the agency's obligations flowing from that request are with respect to "the requester" of that information. *See id.* § 552(a)(6)(A)(i) (requiring agency to notify "the person making [the] request" whether the agency will comply with the request).

"Anyone whose request for specific information has been denied has standing to bring an action [under FOIA,]" *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006), since that person "has suffered a particularized injury because he has requested and been denied information Congress gave him a right to receive," *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017). At the same time, however, "if a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit." *Wetzel v. U.S. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) (citing *McDonnell v. United States*, 4 F.3d 1227, 1236–39 (3d Cir. 1993)); *accord Feinman v. FBI*, 680 F. Supp. 2d 169, 172 (D.D.C. 2010).

While "a lawyer may make a request on behalf of a client," "[t]he rule commonly applied in this District provides that . . . the attorney 'must clearly indicate that it is being made on behalf

9

of the [client] to give that [client] standing to bring a FOIA challenge." *Ameen v. U.S. Dep't of State*, No. CV 21-1399 (BAH), 2021 WL 4148532, at *3 (D.D.C. Sept. 13, 2021) (alterations in original) (quoting *Smallwood v. U.S. Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017)); *accord Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2 (D.D.C. 2005). Even though "such a rule might seem somewhat rigid, 'a line must be drawn to assure that the request requirement does not devolve into a general interest inquiry,' that would be at odds with both the Constitution's standing requirement and the intent of Congress in enacting FOIA." *Smallwood*, 266 F. Supp. 3d at 220 (quotation marks and citation omitted) (quoting *Wetzel*, 949 F.Supp.2d at 204); *see also McDonnell*, 4 F.3d at 1236–37 ("[A] person whose name does not appear on a request for records has not made a formal request for documents within the meaning of [FOIA]" and "[s]uch a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents . . . or notice of an agency decision to withhold the documents[.]").

Although the D.C. Circuit "has never specifically articulated the requirements for filing a FOIA request on behalf of another," *Three Forks Ranch Corp.*, 358 F. Supp. 2d at 3; *accord Ameen*, 2021 WL 4148532, at *3, caselaw illuminates where the line is drawn to distinguish between cases in which the plaintiff has standing from those where the plaintiff does not. For example, in *Smallwood v. U.S. Department of Justice*, the defendant agency moved to dismiss a FOIA lawsuit alleging the plaintiff lacked standing because the plaintiff's attorney filed the original FOIA request and both "identified the attorney as the 'Requester'" and "did not include any reference to a client generally, or to [the plaintiff] specifically." 266 F. Supp. 3d at 218–19 (citations omitted). The Court agreed, explaining that "[t]he FOIA request at issue . . . clearly indicates that [plaintiff's] attorney is the requester" in large part because the "Request Description"

portion of the request "d[id] not indicate that the request was made on behalf of any client, let alone [the plaintiff]," and since the plaintiff's name did not "appear anywhere in the request." *Id.* at 221; *see also Wetzel*, 949 F. Supp. 2d. at 200–02 (holding that plaintiff lacked standing, even though plaintiff's counsel submitted an authorization from the plaintiff when making the FOIA request, because plaintiff's counsel failed to indicate that the purpose of the request was for use in representation of the plaintiff). By contrast, in *Ameen v. U.S. Department of State*, the plaintiff was found to have standing where the FOIA requests "sufficiently indicated that [they] were made on behalf of the plaintiff" because "the requests (1) indicated that counsel was requesting the documents in connection with and for use in the representation of plaintiff, and (2) contained release forms signed by plaintiff 'authoriz[ing] and request[ing]' the release of records to counsel." 2021 WL 4148532, at *5 (alterations in original); *see also Brown v. EPA*, 384 F. Supp. 2d 271, 276 (D.D.C. 2005) (denying defendant's motion to dismiss for lack of standing because the attorney "stated in the first line of his request" that he represented the plaintiff and was hired to obtain documents pursuant to FOIA, and because the "second page of the request contain[ed] a signed and dated authorization from plaintiff stating that she" authorized her attorney to obtain documents on her behalf).

### B. Plaintiff Lacks Article III Standing

Plaintiff has plainly not evinced that Casey filed the Requests on its behalf. Like the *Smallwood* plaintiff and unlike the *Ameen* plaintiff, Casey did not identify that he was making the Requests on behalf of plaintiff or as part of his representation of plaintiff in his email to USPTO detailing the Requests. *See* Casey Email at 1, 3 (stating that "[t]he undersigned"—meaning Casey—"hereby submits a request for documents under the Freedom of Information Act[,]" and that responsive records should be sent to Casey, who "will pay reproduction costs up to $500").

11

Moreover, Casey attached no manner of release form to his Email to permit the release of responsive records to plaintiff. *See generally id.* In fact, *nothing* in the Casey Email "clearly indicate[s] that it is being made on behalf of [plaintiff] to give [plaintiff] standing to bring a FOIA challenge.'" *Ameen*, 2021 WL 4148532, at *3 (quoting *Smallwood*, 266 F. Supp. 3d at 220).

Plaintiff nonetheless maintains that Casey filed the Requests on its behalf because (1) "Casey has . . . been acting on behalf of Plaintiff . . . [and] represent[ing] Plaintiff, [ ] at each of his last three firms[;]" (2) "the FOIA Request included not Dr. Casey's personal mailing address and email address but rather his then work address and then work email address[;]" (3) "[t]he FOIA Request included an Oblon Reference Number 526934US[,] which was a Smartflash Reference Number[;]" and (4) as of the time of response to USPTO's dismissal motion, "Casey ha[d] assigned his rights to the results of the FOIA Request[.]" Pl.'s Cross-Mem. at 4–5.

None of these arguments is persuasive. Merely because Casey represents plaintiff in some matters and used his work mailing and email addresses when filing the Requests, does not show— let alone clearly demonstrate—that Casey submitted the Requests on plaintiff's behalf. *See Smallwood*, 266 F. Supp. 3d at 218–19 (dismissing the lawsuit for lack of standing because the plaintiff's attorney's failed "indicate that the request was made on behalf of any client" when submitting the FOIA request). Further, plaintiff fails to explain the meaning or import of "an Oblon Reference Number" and "a Smartflash Reference Number," and how or why an obscure reference number evince that Casey filed the Requests on plaintiff's behalf. Simply put, plaintiff has cited no authority whatsoever for the proposition that a representational relationship, standing alone, results in an assignment of rights between attorney and client sufficient to confer Article III standing, particularly since "there is nothing unusual about an attorney or a law firm making a

FOIA request in their own right concerning a client matter." *Osterman v. Army Corps of Eng'rs*, Civ. A. No. 13-1787, 2014 WL 5500396, at *3 (W.D. Wash. Oct. 30, 2014).

To be sure, Casey eventually assigned his rights to plaintiff when USPTO raised the issue in this litigation. Assignment of a FOIA claim is permissible. *See Nat'l Sec. Couns. v. C.I.A.*, 898 F. Supp. 2d 233, 259 (D.D.C. 2012) (Howell, J) (holding that organizational assignee of FOIA claim has standing to pursue remedy in federal court where original FOIA requester, a separate organization with similar mission to assignee, assigned rights during administrative appeal process, prior to filing of lawsuit, when lawyer for original requester moved to assignee). Yet, the belated assignment here, on December 19, 2022—nearly eight months after the Complaint was filed—does not suffice for standing purposes. The Supreme Court has made clear that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *accord Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004). Given that Casey's assignment was only made *after* the Complaint was filed, plaintiff plainly lacked standing when it initiated this lawsuit.

Having failed to show that Casey filed the Requests on plaintiff's behalf or that Casey timely assigned to plaintiff his FOIA rights, plaintiff makes a last-ditch attempt to avoid dismissal by arguing that USPTO conceded in its Answer, ECF No. 18, that "Plaintiff submitted" the Requests and failed to raise the issue of standing until now. *See* Pl.'s Cross-Mem. at 7–9. This argument is a misfire because "standing is jurisdictional[,] and it can never be forfeited or waived." *Bauer v. Marmara*, 774 F.3d 1026, 1029 (D.C. Cir. 2014) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). As such, "[s]tanding can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court." *Steffan v. Perry*, 41 F.3d 677, 697 n. 20 (D.C. Cir. 1994) (*en banc*); *accord Kontrick v. Ryan*, 540 U.S. 443,

455 (2004). Resultantly, notwithstanding defendant's erroneous admissions in its Answer as to the person who submitted the Requests, plaintiff lacks standing to assert claims here.

## IV. CONCLUSION

For the foregoing reasons, plaintiff lacks Article III standing to file the Complaint, which accordingly must be dismissed, and plaintiff's cross-motion for summary judgment is denied. An order consistent with this Memorandum Opinion will be issued contemporaneously.

Date: August 17, 2023

_____
**BERYL A. HOWELL**
United States District Court Judge